UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SHEILA THOMPSON, individually and on behalf
of all other persons similarly situated,

                                 Plaintiff,                              **ORDER**
            - against -                                 15 CV 7434 (KAM)(LB)

BED-STUY PHARMACY, INC., N.G.B. STAFFING
SERVICES, INC., QUICK RX CORP., and ELAN
KATZ, jointly and severally,

                                Defendants.

-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       On December 31, 2015, plaintiff filed a complaint bringing claims against defendants for violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the Wage Theft Prevention Act. ECF No. 1. On May 26, 2017, plaintiff Sheila Thompson accepted an offer of judgment, pursuant to Federal Rule of Civil Procedure 68, in the amount of $24,000, inclusive of costs. ECF No. 22. By Order dated June 5, 2017, Judge Kiyo A. Matsumoto directed the parties to file a motion for settlement approval as, even if plaintiff accepted an offer of judgment, "under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), such a settlement requires a request for approval by the court."[1] See Docket Entry dated June 5, 2017. The parties now move for Court approval of their settlement.[2] Motion for Settlement Approval, "Mot. Settle." ECF No. 29; Settlement Agreement, "SA" ECF No. 29-1. Here, although plaintiff accepted an offer of judgment, it appears, from the parties' motion

---

[1] The Court notes that "[t]he Second Circuit has not yet ruled on [whether settlement approval is required where a party accepts an offer of judgment], and district courts in the circuit are divided." Juan Paez, et al. v. Whaleneck Enterprises, No. 16 CV2 673 (ADS), 2017 WL 2579038, at *1 (E.D.N.Y. June 14, 2017) (citing Anwar v. Stephens, No. 15 CV 4493 (JS)(GRB), 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017) (collecting cases that conclude judicial approval is not required) and Mei Xing Yu v. Hasaki Restaurant, Inc., 319 F.R.D. 111, 117 (S.D.N.Y. 2017) (collecting cases that conclude that judicial approval is required)).
[2] The parties consented, for the instant motion, to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). ECF No. 30.

1

for settlement approval, that the parties actually reached a settlement agreement prior to plaintiff's acceptance of the offer of judgment. Compare ECF No. 22 ("plaintiff Sheila Thompson accepts the offer of judgment served on the plaintiff . . . on May 15, 2017") with SA at 7 (signed by the parties on May 12, 2017). As previously noted by Judge Katherine B. Forrest, the assigned judge in the Southern District of New York in a case where plaintiff was represented by the same attorney as plaintiff is in this case, the Court is concerned that "the settlement was likely mischaracterized [by the parties as an offer of judgment] because of a desire by plaintiff's counsel to receive an unreasonably high attorney's fee award and shield such award from review by this Court." Rodriguez-Hernandez v. K Bread & Co., Inc., No. 15 Civ. 6848 (KBF), 2017 WL 2266874, at *1 (S.D.N.Y. May 23, 2017). Notwithstanding the parties' intent or whether the settlement was mischaracterized, the settlement agreement is modified for the reasons set forth herein. As modified, the settlement agreement is approved as fair and reasonable.

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved, if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l Merchant Servs., Inc., No. 14 CV 311 (LB), 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). Here, the parties have agreed that defendant N.G.B. Staffing Services, Inc. shall pay plaintiff, and her attorneys, the gross sum of $24,000, in eight installments over a period of 220 days. See SA at ¶ 5(A). The parties have agreed to pay: $13,616.75 to plaintiff and $10,383.25, representing attorneys' fees and costs, to plaintiff's counsel.[3] Id.

---

[3] The $10,383.25 represents $9,600 in attorneys' fees and $783.25 in costs. See Mot. Settle. at 1, 12; Cost Records, ECF No. 29-3. Although plaintiff's motion for settlement states that "plaintiff['s] costs total $902.10", the contemporaneous billing records and receipts show only $783.25 in costs. See Mot. Settle. at 12; Cost Records. The Court treats this as a mathematical error and credits plaintiff for the 783.25 in demonstrated costs.

2

Plaintiff submits that, if she prevailed at trial on all of her claims, she would be entitled to $22,873.79 in total damages, including liquated damages. Mot. Settle. at 3-8. Accordingly, based on the $13,616.75 to be paid to plaintiff pursuant to the terms of the settlement agreement, plaintiff's recovery is only 59.5% of what defendants purportedly owe her. However, upon review of the facts of the case, I find that the settlement agreement, as modified herein, is fair and reasonable. The Court must examine whether "the settlement here was the product of arms-length bargaining." Rodriguez-Hernandez, 2017 WL 2266874, at *4. The Court held a settlement conference on October 18, 2016. At the conference, the parties consented to go off the record to try to mediate their claims. Without divulging *ex parte* communications, the Court notes that the settlement agreement proposed by the parties now is not a significant departure from the parties' positions at the October conference. Because without much ado the settlement could have been reached back in October, I find the attorney's fee request to be unreasonable and order that the settlement agreement be modified to reflect an appropriate attorney's fee award that is in line with the facts and circumstances of the case.

The Court evaluates the reasonableness of the attorney's fees under 29 U.S.C. § 216(b) and NYLL § 663(1) to ensure that the simultaneous negotiation of fees and the settlement amount does not create a conflict between counsel's interest in fees and plaintiff's interest in obtaining the best possible recovery. See Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Although there is a "greater range of reasonableness" where "the parties [have] settled on the fee through negotiation," Misiewicz v. Gen. Contractors Corp., No. 08 CV 4377 (KAM) (CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), report and recommendation adopted, 2010 WL 2545472 (E.D.N.Y. June 18, 2010), the Court "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Wolinksy, 900 F. Supp. 2d at 336. To assess the reasonableness of the proposed attorney's fees, a court will review contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the

3

nature of the work done to calculate the lodestar amount. Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Run Guo Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13 Civ. 6667 (PAE), 2015 WL 5122530, *2 (S.D.N.Y. Aug. 31, 2015). A court may adjust the fee upward or downward from the lodestar amount based on other considerations. Wolinksy, 900 F. Supp. 2d at 336 (citations omitted).

Plaintiff's counsel seeks the Court's approval to allocate $9,600 (or 40%) of the total settlement award to attorney's fees, plus additional costs. Plaintiff's counsels' billing records reflect a total of $12,210 in fees.[4] See Billing Records, ECF No. 29-2; Mot. Settle. at 11. The Court finds the attorney's fee request to be high. Courts in this Circuit "typically approve attorneys' fees that range between 30 and 33 1/3 %." Rodriguez-Hernandez, 2017 WL 2266874, at *5 (collecting cases); see also Run Guo Zhang, 2015 WL 5122530, at *4 (reducing attorney's fees to one-third of the settlement award noting that "[a] fee in excess of one-third of the settlement amount disserve[s] the FLSA's important interest in fairly compensating injured plaintiffs"). Plaintiff's counsel has not demonstrated that more than one-third of the settlement amount is a fair and reasonable attorney's fee in this case.

Instead, I find one-third of the settlement award to be the fair and reasonable attorney's fee in this action. Therefore, the Court grants plaintiff's counsel a fee award of 33% of the settlement, not the 40% fee requested. This results in an attorney fee award of $8,000. "[A] one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings, Inc., No. 12 CV 6126 (NGG), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one

---

[4] Counsels' fee calculation is premised on the Court awarding Brandon Sherr an hourly rate of $350 per hour and John M. Gurrieri $300 per hour. Mot. Settle. at 10-11. However, this Court recently found such rates for Mr. Sherr and Mr. Gurrieri to be unacceptable and reduced counsels' rates to $300 and $250, respectively. See Duran v. Superior Cooling LLC, et al, No. 15 CV 7243, slip op. at 16 (E.D.N.Y May 10, 2017); see also Rodriguez-Hernandez, 2017 WL 2266874, at *6 (finding $300 per hour to be a reasonable hourly rate for Mr. Sherr and $250 per hour to be a reasonable hourly rate for Mr. Gurrieri).

4

third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); Rodriguez-Hernandez, 2017 WL 2266874, at *7 (finding "30% of the total settlement [to be] a reasonable and appropriate attorney's fee award). In addition, the Court finds the request for $783.25 in costs reasonable. Plaintiff should be awarded the remainder of the settlement amount. In other words, plaintiff's total settlement award should be $15,216.75.

Finally, the settlement agreement includes a confidentiality clause. SA at 6. A provision in an FLSA settlement agreement that "restricts an employee's ability to discuss his or her experience in litigating an FLSA wage and hour case 'runs afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair.'" Zapata v. Bedoya, No. 14 CV 4114 (SIL), 2016 WL 4991594, at * 2 (E.D.N.Y. Sept. 13, 2016) (quoting Camacho v. Ess-A-Bagel, Inc., No. 14 Civ. 2592 (LAK), 2015 WL 129723, at *3 (S.D.N.Y. Jan. 9, 2015)). "It would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit." Lopez v. Poko-St. Ann L.P., 176 F.Supp.2d 340, 345 (S.D.N.Y. 2016) (internal quotations omitted); see also Martinez v. Gulluoglu LLC, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (collecting cases) (explaining the Court's objection to non-disparagement clauses in FLSA actions). To the extent that such a clause "prohibits only defamatory statements, and does not bar truthful statements about plaintiff's experience litigating the case…it does not offend the public policy principles that prohibit outright gag clauses." Lopez, 176 F. Supp. 2d. at 345, n.1 (internal quotations omitted). Here, the Court is unable to read the confidentiality clause herein as including an exception for truthful statements. Therefore, the Court finds this clause unacceptable. The confidentiality clause is hereby modified to include a carve-out for truthful statements regarding the parties' experiences litigating the case.

Accordingly, the Court approves the settlement agreement as modified. The settlement award shall be allocated as follows: plaintiff shall receive $15,216.75 and plaintiff's counsel shall receive $8,783.25, with $8,000 for attorney's fees and $783.25 for costs. Plaintiff's counsel shall provide plaintiff with a copy of this order forthwith. The parties shall file a stipulation dismissing this action with prejudice by August 4, 2017.

SO ORDERED.

                                                      /S/
                                      LOIS BLOOM
                                      United States Magistrate Judge

Dated: July 19, 2017
       Brooklyn, New York